MYRTLE ANNIE SEGAR, as Executrix, etc., Plaintiff, *v.* KING FEATURES SYNDICATE, INC., Defendant.

Supreme Court, Special Term, New York County, March 21, 1940.

*Fanny E. Holtzman*, for the plaintiff.

*McCauley & Henry*, for the defendant.

PECORA, J. This is an action in which the plaintiff, as executrix of the estate of her husband, a cartoonist, seeks an accounting of profits from the defendant under a written contract dated May 23, 1938. The contract is in the form of a letter drawn up and signed by defendant, and approved by the testator's signature. The letter supplements and is a part of a printed contract. Under it the testator — the cartoonist — agreed to furnish the defendant with six comic strips and one comic page per week during the period beginning July 14, 1938, and ending July 13, 1943. He was to receive $1,000 per week. Under the typewritten portion there was a provision for royalties to the cartoonist " to the extent of 75% of all monies actually derived * * * from the licensing of other persons, firms or corporations to exercise toy, novelty, song and book rights, * * * in and to the characters which heretofore have and which hereafter may appear in the comic strip feature entitled ' Thimble Theatre,' " including one called " Popeye the Sailor." Another paragraph entitles the cartoonist to fifty per cent of moneys " actually derived " by defendant from motion and talking picture rights and radio rights.

Plaintiff's testator died on October 13, 1938. The question in dispute is whether plaintiff is limited to royalties from moneys actually received from licenses granted by defendant during testator's lifetime. If so, she has been fully paid.

It is conceded that certain contracts were made with licensees prior to October 13, 1938, but no moneys on such contracts became due or were received until after October 13, 1938. Defendant contends that death terminated plaintiff's right to any royalties therefrom. The contract does not bear out this construction. The obligation of the defendant was to account for the period, not to account merely for moneys derived during the period. In any event, even if it should be deemed ambiguous, the contract will be given a strict construction against the party who drew it. It was admitted upon the oral argument that it was drawn by the defendant. The expression " actually derived " may be reasonably interpreted to postpone the obligation to pay royalties until moneys from

licensees were actually received or perhaps, in view of the practical conduct of the parties, actually converted into accounts receivable due from licensees. It is unnecessary upon this motion to give a complete construction of the contract. Enough is shown to warrant a denial of defendant's motion for summary judgment.